Yun Ping He
A089130579

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

YUN  PING  HE      A-089130579

Petitioner,

v.

LORETTA E. LYNCH,
ATTORNEY GENERAL;
JEH C. JOHNSON,
SECRETARY OF THE DEPARTMENT  OF
HOMELAND SECURITY;
TIMOTHY S. ITKEN,
U.S ICE FIELD OFFICE DIRECTOR FOR
THE SAN FRANCISCO FIELD OFFICE;
and WARDEN OF MESA VERDE
IMMIGRATION DETENTION FACILITY,

Respondents .

Civil Action No. 1:15-cv-01231-GSA(HC)



FILED

AUG 1 0 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

### PETITION FOR A WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C § 2241

Petitioner, Yun Ping He, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

### CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the Mesa Verde Detention Facility in Bakersfield, California. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 – 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Eastern District of California, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of China. Petitioner was first taken into ICE custody on June 6, 2014, and has remained in ICE custody continuously since that date. Petitioner was ordered removed on January 11, 2011. On January 11, 2011, I was issued a Final Order of Removal by an immigration Judge. On January 31, 2011, I had filed an appeal with the Board of Immigration Appeal for Asylum; withholding of removal... On September 13, 2012, the BIA,

dismissed my appeal.

7. Respondent Loretta E. Lynch is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Ms. Loretta E. Lynch has ultimate custodial authority over Petitioner.

8. Respondent Jeh C. Johnson is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, Jeh C. Johnson is the legal custodian of Petitioner.

9. Respondent Timothy S. Itken is the ICE Field Office Director of the San Francisco Field Office of ICE and is Petitioner's immediate custodian. See Vasquez v. Reno, 233 F. 3d 688, 690 (1st Cir. 2000), cert. Denied, 122 S. Ct. 43 (2001).

10. Respondent Warden of Mesa Verde Detention Facility, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. Petitioner, Yun Ping He, is a native and citizen of China. Petitioner has been in ICE custody since June 6, 2014. An Immigration Judge ordered the Petitioner removed on January 11, 2011. On January 11, 2011, I was issued a Final Order of Removal by an Immigration Judge. On January 31, 2011, I had filed an appeal with the Board of Immigration Appeal for Asylum; withholding of removal...On September 13, 2012, the BIA, dismissed my appeal.

12. Petitioner, Yun Ping He, was born in China on July 26, 1983. Petitioner entered the

United States on January 31, 2009, without inspection.

13. I have been convicted of the crimes of False statement in application or asylum and Probation Violation.

14. ICE picked me up from prison after I finished my sentence, On June 6, 2014.

15. To date, however, ICE has been unable to remove the Petitioner to China. To petitioner's knowledge, the government of China has not issued Travel Document for me. Indeed, neither ICE nor China have provided any indication that China would accept Petitioner in the reasonably foreseeable future.

16. Petitioner has cooperated fully with all efforts by ICE to remove Petitioner from the United States. I had cooperated signed a Travel Document application and took picture for Travel Document. Also I was provided my passport number to I.C.E.

17. Petitioner's custody status was first reviewed on September 22, 2014.

On September 22, 2014, Petitioner was served with a written decision ordering his continued detention.

18. On December 7, 2014, Petitioner was served with a notice transferring authority over his custody status to ICE Headquarters Post-Order Detention Unit ("HQPDU"). On January 27, 2015 Petitioner was served with a written decision ordering his continued detention.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

19. In Zadvydas v. Davis, 533 U.S. 678 (2001), the U.S. Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id. At 702. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that its ruling in Zadvydas applies equally to inadmissible aliens. Department of

Homeland Security administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R.§ 241.13(b)(2)(ii).

20. Petitioner was ordered removed on January 11, 2011, and the removal order became final on September 13, 2012 by BIA dismissed my appeal. Therefore, the six-month presumptively reasonable removal period for Petitioner ended on December 7, 2014. Petitioner has been in continuous ICE custody since June 6, 2014, well over 13 months.

## CLAIMS FOR RELIEF

## COUNT ONE

## STATUTORY VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C.§ 1231 (a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removeal to China or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas and Martinez that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

23. Petitioner re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Petitioner's continued detention violates Petitioner's right to substantive due process

through a deprivation of the core liberty interest in freedom from bodily restraint.

25. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removeal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. Zadvydas recognized that ICE may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six-months. Petitioner has already been detained in excess of six-months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

**COUNT THREE**

**PROCEDURAL DUE PROCESS VIOLATION**

26. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that she should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning alien's custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process.

Yun Ping He
A089130579

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C.§ 504 and 28 U.S.C.§2412, and on any other basis justified unde law; and

5) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

Yun Ping He

Petitioner

July 28, 2015

Date executed

**YUN PING HE,** *A 089130579*
*425 Golden State Avenue*
*Bakersfield, CA.93301*