# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUN PING HE, | Case No. 1:15-cv-01231-GSA-HC |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 2) |
| WARDEN OF MESA VERDE IMMIGRATION DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is in ICE custody and proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 10, 2015, Petitioner filed a motion for appointment of counsel. (ECF No. 2).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he has a high likelihood of success on the merits, the complexity of the issues involved in the case and Petitioner's inability to adequately present the issues, he will be unable to effectively pursue discovery without the aid of an attorney, and because he believes an evidentiary hearing will be scheduled in this case. Upon a review of Petitioner's petition and the instant motion for appointment of counsel, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and the legal issues involved, and that he is able to articulate those claims adequately at this time. Furthermore, Petitioner does not demonstrate a likelihood of success on the merits at this time such that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at 954. Petitioner has not made a request for discovery yet, and at this time, the Court does not find that counsel is necessary for discovery. Also, the Court notes that Respondent has not yet submitted a response to the petition and the Court has not yet ordered an evidentiary hearing or expressed an opinion on whether an evidentiary hearing will be necessary in this case. Therefore, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 13, 2015**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE