# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUN PING HE, | Case No.  1:15-cv-01231-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| LORETTA LYNCH, | |
| Respondent. | |

In his petition for writ of habeas corpus, Petitioner Yun Ping He claims that he is being detained by Immigration Customs Enforcement ("ICE") past the six-month presumptively reasonable period for removal and that his removal is not significantly likely to occur in the reasonably foreseeable future.

Petitioner has not responded to the Court's orders and mail has been returned as undeliverable more than sixty-three days ago.  Thus, as described below, the Court will recommend this case be dismissed without prejudice for failure to prosecute.

**I.**

**BACKGROUND**

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 28, 2015, Petitioner filed the instant federal habeas petition in this Court. (ECF No. 1).  Petitioner stated that he was detained at the Mesa Verde Detention Facility in

1

Bakersfield, California. (ECF No. 1).

On August 11, 2015, the Court issued prisoner new case documents and served those documents on Petitioner. (ECF No. 3). On August 13, 2015, the Court denied Petitioner's motion to appoint counsel and served the order on Petitioner. (ECF No. 6). On August 21, 2015, the order on the motion to appoint counsel was returned to the Court as "undeliverable" with a notation that Petitioner was "not in custody, transferred on 8/7/15." On August 24, 2015, the prisoner new case documents were returned to the Court as "undeliverable" with a notation that Petitioner was "not in custody." On October 13, 2015, the Court issued an order reassigning this case to the undersigned for all further proceedings and served that order on Petitioner. (ECF No. 9). On October 22, 2015, the order of reassignment was returned as "undeliverable" with a notation that Petitioner was "no longer at facility."

## II.

## DISCUSSION

It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a *pro se* petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b).

Petitioner has not notified the Court of his current address.[1] It has been over sixty-three days since mail was returned by the U.S. Postal Service as undeliverable and the notation that Petitioner is "not in custody, transferred on 8/7/15." Therefore, the petition must be dismissed.

\\

\\

---

[1] The Court notes that a search of the ICE online detainee locator system using Petitioner's name and A-Number produces a result of "Detainee Not Found." See https://locator.ice.gov/odls/searchByAlienNumber.do; https://locator.ice.gov/odls/searchByName.do. Also, a search of the Federal Bureau of Prisons' inmate locator reveals that Petitioner was released on June 6, 2014. See http://www.bop.gov/inmateloc/. A search of the California Department of Corrections & Rehabilitation inmate locator reveals that Petitioner is not an inmate in a California prison. See http://inmatelocator.cdcr.ca.gov/Results.aspx.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a District Judge to the case.

## IV.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to prosecute; and

2. The Clerk of the Court be DIRECTED to close the case.

This findings and recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after service of the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's findings and recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 30, 2015**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3